

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. P. Bryan
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-2210
Re: Resisting an arrest made
without warrant; procedure
under given state of facts.

We have carefully considered the questions presented by you in your recent letter seeking our opinion as to whether a person might be properly charged with the offense of "resisting arrest" under a given state of facts. We quote a portion of your letter:

"A fight broke out in a dance hall at Pearland, in this County, and he (a deputy sheriff) intervened and arrested one of the parties and took this party out of the hall and was starting to his car with him when he was surrounded by a number of other people, who overpowered him and allowed the prisoner to escape. The prisoner broke loose and ran, although he was warned by the officer not to do so. The officer wants to know whether he can file on this man for resisting arrest." (Parenthesis ours.)

Article 339 of the Penal Code of Texas, 1925, reads as follows:

"If any person shall wilfully oppose or resist an officer in executing or attempting to execute any lawful warrant for the arrest of another person in a misdemeanor case, or in arresting or attempting to arrest any person without a warrant, where the law authorizes or requires the arrest to be made without a warrant, he shall be fined not less

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

than twenty-five nor more than five hundred dollars, and if arms be used, be fined not less than fifty nor more than one thousand dollars." (Underscoring ours.)

The above statute contains two clauses, one forbidding any person to oppose or resist an officer in executing or attempting to execute a lawful warrant for the arrest of "another person;" the other makes it a misdemeanor to wilfully oppose or resist an officer in arresting or attempting to arrest "any person" without a warrant where the law authorizes or requires the arrest to be made without a warrant, and the latter phase applies where such arrest is either for a felony or misdemeanor. See Section 914, Branch Ann. P. C. p. 509.

Article 341 of the Penal Code defines an offense of the accused resisting arrest based on a legal warrant, but the only penal provision condemning one resisting arrest without warrant is contained in Article 339, supra. That a prosecution would lie in a proper case under such Article 339, even when the officer is opposed or resisted by the accused rather than some "other person" is disclosed by a careful reading of the cases of Woodward v. State, 58 Tex. Cr. R. 412, 126 S. W. 271; Harless v. State, 53 Tex. Cr. R. 319, 109 S. W. 934 and Lee v. State, 45 Tex. Cr. R. 94, 74 S. W. 28. The right of the officer to make the arrest without warrant must clearly appear and be properly alleged in the indictment or information and complaint. Harless v. State, supra; Shaw v. State, 113 Tex. Cr. R. 169, 18 S. W. (2d) 628.

In the case of Lee v. State, supra, the defendant was charged with resisting an officer, the facts showing several parties had been gambling, that the officer arrested one of them and started to leave the premises, having proceeded a short distance when he decided to search his prisoner. Defendant interceded on behalf of the prisoner, throwing the officer to the ground and taking his pistol. The court said the arrest was an illegal one and also held the complaint and information defective, but further held the evidence insufficient saying:

"* * *. If this testimony be true, it shows that the prisoner having trouble with Tomlinson had already been placed under arrest in so far as to comply with the officer's request, and had accompanied him some distance. If there was an arrest at all under the circumstances, it had been accomplished."

Honorable J. P. Bryan, Page 3

While we have herein discussed the offense of "resisting arrest", under the authority of the Lee case, we do not think the erstwhile prisoner of your officer could be successfully prosecuted for such offense. Under your state of facts, it appears the arrest had already been perfected, and the proper procedure for the officer to take would be to file on those aiding the prisoner to escape, under the provisions of Article 330, Penal Code. The pertinent part of that statute reads as follows:

"Whoever wilfully aids a prisoner to escape from the custody of an officer * * * while being detained in custody on an accusation for misdemeanor, by doing an act calculated to effect that object, shall be fined not exceeding five hundred dollars; and if in aiding in the escape he shall make use of arms, he shall be fined not exceeding one thousand dollars."

In construing this statute the Court of Criminal Appeals in the case of Brannan v. State, 44 Tex. Cr. R. 463, 72 S. W. 184, has said:

"A person is said to be 'accused' of an offense from the time that any 'criminal action' shall have been commenced against him. A legal arrest without warrant; a complaint to a magistrate; a warrant legally issued; and indictment, or an information, are all examples of 'accusation', and a person proceeded against by either of these is said to be 'accused'".

The "escape" effected by the person under arrest was not in itself a violation of positive law for which he could be successfully prosecuted. Veal v. State, 56 Tex. Cr. R. 220, 120 S. W. 173; 17 Tex. Jur. 58.

From your statement of the case it is not clear what means was used by the prisoner in making good his escape. If the full facts develop the essential elements of an assault, the prosecution could well be for aggravated assault under the first paragraph of Article 1147, Penal Code, which provides that an assault becomes aggravated "when committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the

Honorable J. P. Bryan, Page 4


person assaulted was an officer discharging an official duty."

Trusting the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant


BW:RS


APPROVED APR 29, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVE
OPINION
COMMITTE
BY *BW*
CHAIRMAN